SABERS, Retired Justice
(dissenting).
[¶ 31.] I agree with Justice Konen-kamp’s analysis as to the failure to establish damages, but I think the trial court should have vacated the entire default judgment on the basis of SDCL 15-6-60(b)(6).
[¶ 32.] SDCL 15-6-60(b)(6) permits a court to set aside a default judgment when there is “[a]ny other reason justifying relief from the operation of the judgment.” Relief under this section must be asserted within a reasonable time. Id.
[¶ 33.] During the motion hearing on April 28, 2003, the trial court stated: “a $24,000 default judgment is an inappropriate windfall here given the circumstances ... [$]24,000 can’t stand ... [s]o draw [the] order setting it aside.” Then, Plaintiffs counsel requested terms for drawing the default judgment and stated, “I will prepare an affidavit as far as the amount[.]” The trial court responded: “[Peters] needs some fairness. It’s not $24,000[,]” but “[s]he needs some fairness.” The trial court directed Plaintiffs counsel to “get this done,” meaning to work it out. Although defense counsel failed to file an order setting aside the default judgment, it was Plaintiffs counsel who directly violated the trial court’s oral statement that the judgment cannot stand by attempting to execute on the judgment even though he knew it was orally vacated. Apparently both sides are at fault for not working it out, but Plaintiffs counsel is more at fault for his knowing violation. Under the circumstances of this case and within a reasonable time, there is sufficient reason justifying relief pursuant to SDCL 15-6-60(b)(6).
[¶ 34.] As the trial judge stated in 2003, the $24,000 default judgment was an inappropriate windfall. It still is an inappropriate windfall. It cannot stand. Therefore, this Court could and should vacate the default judgment under SDCL 15 — 6—60(b)(6) and remand for a hearing on damages.